# FORM TO BE USED BY A PRISONER FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, 1985 & 1986

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

03 CV 360 (RJD)

Lamar Means,
Full name of plaintiff/prisoner ID#

Amended Complaint

Plaintiff,

TRIAL BY JURY DEMAND
YES ✓   NO ___

-against-

N.Y.C. officer Anthony Mclean #2788,
N.Y.C. 60th Precinct King's County,
John Doe Detectives 60th Precinct,
Enter full names of all defendants
are being sued in their individual
and official capacity.
Defendants.
-----------------------------------------------------------X

I. Previous Lawsuits:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

B. If your answer to A is yes, describe the lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit:

        Plaintiffs: _____N/A_____

        Defendants: _____N/A_____

    2. Court (if federal court, name the district; if state court, name the county)

_____N/A_____

    3. Docket Number: _____

3

Kindly list all defendants to this lawsuit and the address at which each may be served. If you do not provide an address for a defendant, that defendant will not be served.

Defendant No. 1: Officer McLean, N.Y.C. Police Department 60th Precinct - 2951 W. 8th street Brooklyn, N.Y. 112—

Defendant No. 2: New York City, County of King's

Defendant No. 3: 60th Precinct In County of King's Brooklyn, N.Y.

Defendant No. 4: 3 John Doe Detectives from 60th Precinct, King's County, Brooklyn, N.Y.

Defendant No. 5:

Please attach additional 8 1/2 x 11 paper if necessary.



RECEIVED FEB - 6 2003 PRO SE OFFICE

4. Name of Judge to whom case was assigned: _____

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
_____

6. Approximate date of filing lawsuit: ~~N/A~~

7. Approximate date of disposition: _____

II. Place of Present Confinement: Great Meadow Corr. Fac.

   A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( ) No (✓)

   C. If you answer is YES;

      1. What steps did you take? N/A

      2. What was the result? ↓

   D. If you answer is NO, explain why not Because this Lawsuit has nothing to do with the state

   E. If there is no prison grievance procedure in the institution, did you complaint to prison authorities? Yes ( ) No (X)

   F. If you answer is YES,

      1. What steps did you take? N/A

      2. What was the result? ↓

III. Parties

   (In item A below, place your name in the first blank and place our present address in the second blank. Do the same for additional plaintiffs, if any.)

4

A. Name of plaintiff  Lamar Means
   Address  Box 51 - Route 22, Homer Avenue
            Comstock, N.Y. 12821

(In item B below, place the full name of the defendants in the first bland, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

B. Defendant  Anthony McLean  is employed as  Police officer #2788
   at  60th Precinct,

C. Additional Defendants  New York City, N.Y.C. 60th Precinct, King's County, 3 John Doe Detectives from the 60th Precinct in King's County.

IV. Statement of Claim

(State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach additional 8 1/2 x 11 sheets, if necessary.)

a) On 01/9/00 at approximately 6 o'clock P.M., the Plaintiff was verbally arguing with an individual at 30th between Neptune and Murmaid in Brooklyn. The Defendant McLean appeared out of a building with his gun drawn across the street, facing Murmaid ave., when plaintiff was facing defendant McLean, while the individual in question had his back to McLean. Plaintiff and the defendant both heard a shot and the defendant saw plaintiff backing away from the individual whom plaintiff was arguing with, arms extended and the defendant yelled, "Freeze Police". Empty handed the plaintiff turned and commenced to run away in the opposite direction. The defendant McLean fired 4 shot's at the plaintiff. Two of the shots hitting plaintiff

5

in the right upper part of plaintiff's shoulder blade and exited plaintiff's right side of his neck only to graze another part of plaintiff's neck and the second bullet hitting plaintiff's left elbow shattering and breaking the elbow causing nerve damage to plaintiff's hand.

b) Plaintiff was taken to Lutherns Hospital where three John Doe Detectives interfered in plaintiff trying to receive emergency medical attention. These John Doe Detectives told the Luthern Hospital Medical staff not to give plaintiff medical attention until after they question the plaintiff. Plaintiff was in pain and utilized his 5th Amendment right pursuant to his U.S. constitutional rights to silence until plaintiff received medical attention and had legal counsel present to represent plaintiff. After that the Luthern Hospital Medical staff tended to plaintiff's gun shot wound's which they didn't at first realize that plaintiff was shot in the back and the bullet had exit out of plaintiff's neck because at first the only pain plaintiff felt was the gun shot wound to plaintiff's elbow and the fact that these three John Doe detectives were interfering with plaintiff receiving medical attention and holding off the medical staff from doing there duty but once they admitted plaintiff and attended to plaintiff elbow by cutting off plaintiff's clothing the medical staff was the bleeding wound and exit wound and grazes that

7

scared plaintiff's body.

c) Soon plaintiff received a room, after being patched up and given a ace bandage type of arm sling. The Detectives rushed plaintiff's room again ordering that plaintiff give them a statement. Plaintiff requested legal counsel before speaking to anyone.

d) Soon thereafter a Attorney came and said he was my Lawyer and asked the plaintiff what happen while infront of the 3 John Doe Detectives mention as being defendant's. Plaintiff told his Attorney what happen infront of the Detectives and the alleged Attorney and the Attorney didnt believe what plaintiff had said and as he was walking out told the Detectives to get the truth out of plaintiff, when leaving the hospital room. Plaintiff learned later that this Attorney who presented himself as plaintiff's Attorney really was a District Attorney in King's County. The Detectives where all white. They where from the 60th Precinct. They all were in the late 30's, early 40's out of all three of them. One grabbed my or plaintiff's neck and presses his finger in plaintiff's gun shot wound and threaten to stick his ink pen in plain-tiff neck wound if plaintiff didnt give them a statement. Plaintiff tried to move his head

8

and neck to break the Detectives grasp from plaintiff's neck when another officer or Detective grabbed plaintiff left elbow area and hand and started to squeeze and stretch plaintiff's arm which he had been shot in while another officer asked questions while writing at the same time. Plaintiff told the Detectives known as John DOE to get the fuck off of plaintiff while trying to get out of there grasp. Then a some point plaintiff really tussled with these Detectives and they started slapping plaintiff in the neck and head and the other detective was twisting plaintiff's arm and plaintiff yelled "okay, I'll do what ever you want, I'll do whatever you want" and the Detective who was asking questions which I had answered but not to there liking told the other abusive Detectives who was using excessive use of force, especially towards my previously of that day gun shot wound's" said stop, that's enough and the detectives complied and the detective who was asking questions and writing said look sign this and we are gone.

Plaintiff read the statement written by this one out of the three John Doe Detectives and plaintiff told him this isn't what happen and that plaintiff never said that and the John Doe Detective then said sign it or we

9

are gonna continue to fuck you up in here and one way or another your gonna sign it. Plaintiff said that his arm is messed up which he write's with and this officer twisting and pressing on plaintiff's elbow cause plaintiff's pain. The Detective with the pen and pad with the statement he had written and wanted plaintiff to sign swung the pad sticking plaintiff on the side of the head and neck where plaintiff had got shot at. The other two standing on each side of plaintiff restrained plaintiff who was now trying to get out the hospital bed. The John Doe Detective yelled "you don't want it" with me grabbing plaintiff pressure point between the neck and jaw area of the plaintiff's face, while the Detective on plaintiff's left side continued to break plaintiff's already broken arm more. The Detective placed the pen in plaintiff's right hand and while the Detective was squeezing and twisting plaintiff arm said sign it and I dare you to try something stupid with the pen I'll break your bone out of the skin. Plaintiff signed the paper as forced. The officer's or Detective's left at once. Plaintiff stayed in the hospital receiving treatment for his injuries until 1/13/2000.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1) Compensatory Damages in the amount of $25,000,000.00; Twenty five million dollars.

2) Permanent Damages in the amount of $25,000,000.00; Twenty five million Dollars.

3) Punitive Damages in the amount of $100,000,000.00; One hundred million Dollars.

4) Assignment of Pro Bono Counsel, Assignment of a Federal Magistrate under 28 U.S.C.A § 636 et. seq. as amended, for the Discovery and Pretrial and for such other and further relief as this court deem just and proper.

Signed this 24th day of January, 2003 declare under penalty of perjury that the foregoing is true and correct.

_Lamar Means_
Signature of Plaintiff

30th of Nov. 1981
Plaintiff's Date of Birth

053 68 53 60
Social Security Number

#1