IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2005
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
LAMAR MEANS,

                    Plaintiff,

      -against-

ANTHONY MCLEAN, CITY OF NEW
YORK, JOHN DOES 1, 2, AND 3, and
N.Y.C. POLICE DEPT. 60TH PRECINCT

                    Defendants.
-------------------------------------------------X

**MEMORANDUM
& ORDER**

03 CV 360 (SLT) (LB)

TOWNES, U.S.D.J.

      Defendants City of New York and New York City Police Department move for reconsideration of Magistrate Judge Lois Bloom's orders denying Defendants' request for a stay of the pending action. For the reasons set forth below, the Court grants Defendants' motion for reconsideration and stays the entirety of the pending action.

      50 U.S.C. Appx. § 521(d) provides that an action shall be stayed by the court where a full defense to the action cannot be presented because of a defendant's absence from the litigation as a result of military service. Defense counsel has indicated that Defendant McLean is presently on active military duty and that it is not known when he will return. Defendants submit that they cannot defend the instant action without him due to his primary role in Plaintiff's allegations. A stay is therefore appropriate.

      The Court does not see how granting a stay as to the entire action creates a statute of limitations problem. The three-year statute of limitations applicable to Plaintiff's section 1983 claim has long since expired. Moreover, any attempt by Plaintiff to amend his complaint at this



point to name the three "John Doe" defendants would run afoul of Federal Rule of Civil Procedure 15(c), which "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't.* 66 F.3d 466, 470 (2d Cir. 1995); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (affirming that a *pro se* prisoner's failure to name the "John Doe" officers who allegedly violated his rights within the statute of limitations period was "fatal" to his claim because his amended complaint could not be deemed to "relate back" under Rule 15(c)).

Thus, the Court grants Defendants' motion for reconsideration and orders that the entire action be stayed for ninety days pending the return of Defendant McLean from active military duty. The parties shall submit a status report to Judge Bloom by August 5, 2005.

**SO ORDERED.**

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
      May 6, 2005